**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:07CV350-3-T
(1:06CR4-T)**

| | |
|---|---|
| **REYMUNDO MONGE RODRIGUEZ,** ) ) Petitioner, ) ) vs. ) ) **UNITED STATES OF AMERICA,** ) ) Respondent. ) _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed October 23, 2007. No response is necessary from the Government.

## I. PROCEDURAL HISTORY

On January 25, 2006, Petitioner was charged in a four count bill of indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by an illegal alien in violation of

18 U.S.C. § 922(g)(5); and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  **Bill of Indictment, filed January 25, 2006**.  The Petitioner was found guilty on all counts of the indictment after a jury trial.  **Jury Verdict, filed March 9, 2006**.  On November 2, 2006, the Court sentenced Petitioner to 235 months imprisonment on Counts One and Two; 120 months on Count Three to run concurrently with the sentence imposed for Counts One and Two; and 60 months on Count Four to be served consecutively to the other terms, for a total of 295 months imprisonment.  **Judgment in a Criminal Case, filed November 13, 2006**.  The Petitioner did not file a direct appeal from his conviction or sentence.

On October 23, 2007, Petitioner timely filed his § 2255 in which he alleges only one ground for relief, that is, he was denied the effective assistance of counsel due to the fact that his trial counsel did not file an appeal after having been asked to do so by the Petitioner.  Attached to the motion is Petitioner's affidavit in which he avers that "[i]mmediately after sentencing, [he] told counsel William [Loose] to file a notice of appeal and to appeal [his] conviction, however, for whatever reasons unknown to

[Petitioner], counsel failed to do so.  **Affidavit of Reymundo Rodriguez, *attached to* Motion to Vacate, filed October 23, 2007, ¶ 5.**

## II. ANALYSIS

An attorney's failure to file a notice of appeal when specifically requested by his client to do so, is *per se* ineffective assistance of counsel. Prejudice to the defendant is presumed irrespective of the merits of the appeal or a waiver of appellate rights.  ***See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993)**.  The prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken.  ***Id.* at 42**.

Petitioner has alleged that after he was sentenced, he asked his attorney to file an appeal on his behalf but his attorney never did so.  The record is clear that no notice of appeal was filed by Petitioner's counsel.  Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, reimpose the same sentence, and file notice of appeal on the Petitioner's behalf.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **ALLOWED** as reflected by the Judgment filed herewith.

Signed: November 29, 2007

Lacy H. Thornburg
United States District Judge