# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:06cr4

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                           )<br>                   Plaintiff,            )<br>                                                           )<br>           vs.                                  )         **O R D E R**<br>                                                           )<br>REYMUNDO MONGE RODRIGUEZ,  )<br>                                                           )<br>                   Defendant.        )<br>                                                           ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for the Return of Seized Property [Doc. 45] and the Government's Motion to Dismiss Motion for Return of Property [Doc. 50].

## I.     PROCEDURAL BACKGROUND

On January 25, 2006, the Defendant was charged with one count of conspiracy to possess with intent to distribute at least 50 grams of methamphetamine and more than 500 grams of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession with intent to distribute at least 50 grams of methamphetamine and more than 500 grams of a substance containing a detectable amount of methamphetamine, in violation of 21

U.S.C. § 841(a)(1); one count of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5); and one count of using a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). [Doc. 7]. On March 9, 2006, a jury found the Defendant guilty of all counts. [Doc. 23]. On November 13, 2006, the Defendant was sentenced to a total of 295 months of imprisonment. [Doc. 27]. On December 9, 2008, the Court of Appeals affirmed the Defendant's convictions and sentence. [Doc. 43].

On June 29, 2009, the Defendant filed a Motion for the Return of Seized Property [Doc. 45], alleging that during his arrest on October 13, 2005, agents of the Drug Enforcement Administration confiscated 2,500 Mexican pesos, $375.00 in United States currency, one belt, and one watch. The Court ordered the Government to respond to the Defendant's motion by August 14, 2009. [Doc. 46].

On August 14, 2009, the Court, upon motion of the Government, entered an Order requiring the North Carolina Department of Revenue to disclose information regarding the imposition and collection of any drug tax assessed against the Defendant. The Court further extended the Government's time to respond to the Defendant's motion for an additional

2

thirty days. [Docs. 48, 49]. On September 14, 2009, the Government filed its response to the Defendant's motion and moved to dismiss his request for return of property. [Doc. 50].

## II. ANALYSIS

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Courts have recognized that a motion for return of property is proper only if the property is in the possession of the United States. See Lowrie v. United States, 824 F.2d 827, 829 (10th Cir. 1987); United States v. White, 718 F.2d 260, 261 (8th Cir. 1983). In the present case, the Defendant alleges that his property was seized by federal agents at the time of his arrest and never returned it. [Doc. 45 at 1]. To rebut this allegation, the Government has presented evidence to show that the claimed property is not within its possession. Specifically, the Government submits the affidavit of the Henderson County police officer who participated in the investigation and prosecution of the Defendant, who states that he has inquired of the jails of both Henderson and Buncombe Counties for the Defendant's property and has found no record of them.

3

[Doc. 50-2 at 1]. Additionally, the Government submits the affidavit of a deputy United States Marshal stating that the records of the Marshal's Service do not indicate that the claimed property was ever in its custody. [Doc. 50-3]. The Court "cannot order the government to turn over articles it has no record of having taken where the claimant proffers insufficient evidence to the contrary." Matthews v. United States, 917 F.Supp. 1090, 1104 (E.D. Va. 1996). Accordingly, the Defendant's motion must be denied.

Furthermore, the Government may retain property if it proves that the property is subject to forfeiture or if the defendant fails to demonstrate that he is lawfully entitled to its return. See Babb v. DEA, 146 F. App'x 614, 620 (4th Cir. Aug. 26, 2005). In the present case, the Government has submitted materials from the North Carolina Department of Revenue disclosing that pursuant to N.C. Gen. Stat. § 105-113.105, the Defendant has been assessed a final "drug tax" of $3,878.58, and that the Department of Revenue has received $335.00 from investigative agencies, which amount has been applied to the Defendant's drug tax liability. [Doc. 50-2 at 2-7]. "[T]he existence of a tax levy demonstrates a right to possession adverse to that of the defendant." United States v. Fitzen, 80

F.3d 387, 388-89 (9th Cir. 1996). Thus, to the extent that the Defendant's property is subject to a North Carolina state tax levy, his motion also must be denied. See id.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Motion for Return of Property [Doc. 50] is **GRANTED**, and the Defendant's Motion for the Return of Seized Property [Doc. 45] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 30, 2009

Martin Reidinger
United States District Judge