# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00131-MR
# [CRIMINAL CASE NO. 1:06-cr-00004-MR-1]

| | |
|---|---|
| REYMUNDO MONGE RODRIGUEZ, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Retroactive Motion under 18 U.S.C. 2255 Based on <u>Dean v. United States</u> or in the Alternative Rule 60(b)" [Doc. 1]. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Petitioner's Motion.

## I. BACKGROUND

On March 9, 2006, Petitioner Reymundo Monge Rodriguez was found guilty after a jury trial of (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); (3) possession of a firearm by an

illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Three); and (4) carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). [Crim. Case No. 1:06-cr-4-MR-1 ("CR"), Doc. 23: Jury Verdict].

On November 2, 2006, this Court sentenced Petitioner to 235 months' imprisonment on Counts One and Two, to 120 months' imprisonment on Count Three to be served concurrently, and to 60 months' imprisonment on Count Four, to be served consecutive to Counts One, Two, and Three, for a total term of 295 months' imprisonment. [CR Doc. 27: Judgment]. Judgment was entered on November 13, 2006. [Id.]. Petitioner did not appeal.

On October 31, 2007, Petitioner filed a motion to vacate, contending as his sole ground for relief that his counsel had not filed an appeal on Petitioner's behalf, despite Petitioner's instruction to counsel to do so. This Court granted the motion to vacate, entering an amended judgment on December 3, 2007. [CR Docs. 31, 33]. Petitioner then appealed from his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on December 9, 2008. [CR Doc. 43]. On December 23, 2015, this Court reduced Petitioner's sentence to 248 months pursuant to U.S.S.G. Amendment 782. [CR Doc. 59].

Petitioner filed a second motion to vacate on June 22, 2016, contending that he is entitled to sentencing relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). [CR Doc. 60]. On September 26, 2016, this Court denied the motion to vacate on the merits and dismissed the petition. [CR Doc. 61]. Petitioner appealed and on February 28, 2017, the Fourth Circuit dismissed Petitioner's appeal. [CR Doc. 64].

Petitioner filed the instant Section 2255 motion to vacate on May 15, 2017, seeking relief under the Supreme Court's recent decision in <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017). Alternatively, Petitioner moves for reconsideration of the denial of a certificate of appealability with respect to his first motion to vacate. [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Petitioner's alternative request for reconsideration of this Court's denial of the certificate of appealability with respect to his first motion to vacate is without merit. The Court denied a certificate of appealability, finding that Petitioner had not made a substantial showing of the denial of a constitutional

4

right. [Doc. 61]. Petitioner appealed, and the Fourth Circuit also denied a certificate of appealability on the same grounds. [Doc. 64]. The Court finds no basis in the law for reconsideration of such denial.

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's motion is dismissed as a successive motion to vacate, and his request for reconsideration of the denial of a certificate of appealability is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion [Doc. 1] is **DISMISSED** as a successive petition and Petitioner's Alternative Motion under Rule 60(b) [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: May 29, 2017

Martin Reidinger
United States District Judge